IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| HUNTER R. FAULKNER and<br>REBECCA G. FAULKNER, collectively<br>d/b/a HUNTER FAULKNER FARMS,<br><br>    Plaintiffs,<br><br>v.<br><br>BROOKS CUSTOM APPLICATION, LLC,<br>and PINNACLE AGRICULTURAL<br>DISTRIBUTION, INC., d/b/a SANDERS,<br>    Defendants. | No. 1:19-cv-01103-STA-jay |

**ORDER DENYING DEFENDANTS' MOTIONS FOR PARTIAL DISMISSAL**

Before the Court are Defendants' Brooks Custom Application, LLC's ("Brooks") Motion for Partial Dismiss (ECF No. 6) filed on May 29, 2019, and Pinnacle Agricultural Distribution, Inc. d/b/a Sanders's ("Pinnacle") Motions for Partial Dismissal (ECF No. 9) filed on May 30, 2019. Plaintiffs Hunter R. Faulkner and Rebecca G. Faulkner, collectively d/b/a Hunter Faulkner Farms, have responded in opposition, and Pinnacle has filed a reply. For the reasons discussed below, Brooks' Motion for Partial Dismissal is **DENIED** as moot, and Pinnacle's Motion for Partial Dismissal is **DENIED**.

**BACKGROUND**

**I.      Factual Allegations of the Amended Complaint**

Plaintiffs operate a 2,500-acre family farm situated in three counties in Western Tennessee. (First Am. Comp. ¶ 6, ECF No. 1-1.) In 2018, Plaintiff purchased seed and fertilizer for a winter wheat crop from Pinnacle at a cost of approximately $34,000. (*Id.* ¶ 8.) As part of

1

that cost, Pinnacle employed Brooks to spread the fertilizer on Plaintiffs' land. (*Id.* ¶ 9.) Plaintiffs specifically requested for the seed and fertilizer to be spread twice, or "double spread," over the acreage but were informed that Pinnacle's product was of such quality that only one application was required. (*Id.* ¶¶ 10, 11.) In June 2018, Plaintiffs discovered that the seed and fertilizer had not been applied evenly. (*Id.* ¶ 12.) Both a Pinnacle salesman and the Brooks employee who had applied the seed and fertilizer admitted that the product had not been applied correctly. (Id. ¶¶ 13, 14.) While Plaintiffs' winter wheat crop generally yields an average of 82 bushels per acre, this specific crop yielded only 56 bushels per acre, resulting in loss of $50,000. (*Id.* ¶¶ 17, 18.)

Thereafter, Plaintiffs followed a common practice and planted a soybean crop over the same fields where the winter wheat crop had been. (*Id.* ¶ 20.) However, because of the poor application of fertilizer, Plaintiffs' soybean crop also produced a poor yield, 20 bushels per acre compared to the more typical 50 bushels per acre. (Id. ¶ 23.) Plaintiffs suffered an economic loss of $66,000 on its poor soybean crop. (*Id.*)

## II.  Procedural Posture

Plaintiffs filed this lawsuit on April 23, 2019, in the Chester County Chancery Court, alleging both Defendants were grossly negligent and Defendant Pinnacle breached its contract to spread the fertilizer. (Compl., ECF No. 1-1.) Plaintiffs then filed a First Amended Complaint on May 3, 2019, adding a claim for ordinary negligence against both Defendants. (*Id.*) Defendants removed the case to this Court on May 24, 2019. (ECF No. 1.)

Defendants Brooks and Pinnacle have now filed nearly identical Motions for the Partial Dismissal of Plaintiffs' claims for gross negligence, punitive damages, joint and several liability, and breach of contract. It should be noted that neither Defendant sought the dismissal of

Plaintiffs' negligence claims. The parties subsequently filed an Agreed Stipulation of Dismissal of Plaintiffs' claims of gross negligence, punitive damages, and joint and several liability. (ECF No. 27.) Pursuant to this Court's Order on the Parties' Stipulation to Dismiss Plaintiff's claims for gross negligence, punitive damages, and joint and several liability, the only remaining issue in Defendant Pinnacle's Motion for Partial Dismissal is Plaintiff's breach of contract claim.[1] (ECF No. 28.)

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a

---

[1] Plaintiffs never asserted a breach of contract claim against Defendant Brooks, so this Court's Order on the Parties' Stipulation is dispositive of Defendant Brooks' Partial Motion to Dismiss. (ECF No. 28.)

3

reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

## ANALYSIS

The Court will first briefly address Pinnacle's argument that, under the Tennessee Rules of Civil Procedure, Plaintiff was required to attach a copy of the alleged contract. The Court will then address Defendant Pinnacle's argument that Plaintiff fails to state a claim for breach of contract.

### I. Federal Procedural Rule Applies

As Defendants both acknowledged in their Motions for Partial Dismissal, this Court is sitting in diversity and must apply the substantive law of Tennessee but will apply federal procedural rules. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Tennessee Rule of Civil Procedure 10.03 requires, "whenever a claim… is founded upon a written instrument other than a policy of insurance, a copy of such instrument or the pertinent parts thereof shall be attached to the pleading as an exhibit." This is a procedural rule. Rule 8 of the Federal Rules of Civil Procedure ("FRCP") only requires that a pleading that states a claim for relief to include (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought…." Rule 8 of the FRCP controls.

### II. Breach of Contract Claim Survives

Pinnacle argues that Plaintiffs' breach of contract claim should be dismissed but not by attacking any of its essential elements. "In a breach of contract action, claimants must prove the existence of a valid and enforceable contract, a deficiency in the performance amounting to a breach, and damages caused by the breach." *Federal Ins. Co. v. Winters*, 354 S.W.3d 287, 291

(Tenn. 2011). Plaintiffs' First Amended Complaint alleges facts that, accepted as true, indicate that by purchasing fertilizer from Pinnacle and hiring Pinnacle to spread the fertilizer, Plaintiffs and Defendant Pinnacle had an implied contract for the purchase and spread of fertilizer "in a commercially reasonable manner." (ECF No. 1-1 at p. 9-11, 14.) Further, Plaintiff alleges facts that, accepted as true, indicate said implied contract was breached when the fertilizer was "mis-spread/mis-applied" by Brooks, and, finally, the breach caused Plaintiffs to lose a substantial amount of the annual yield of winter wheat and soybeans. (*Id.*) Defendant does not challenge the sufficiency of these alleged facts in its Motion for Partial Dismissal.

Rather, Pinnacle argues that Plaintiffs' breach of contract claim must be dismissed, because Plaintiff has attempted "to disguise a tortious claim behind a contractual mask."[2] (ECF No. 9-1 at 12.) Defendant contends that under the analysis provided in the unpublished Tennessee Court of Appeals decision in *Green v. Moore*, No. M2000-02035-COA-R3-CV, 2001 WL 1660828 at *3 (Tenn. Ct. App. Dec. 28, 2001), "the gravamen" of Plaintiffs' breach of contract claim "sounds not in contract but in tort." (*Id.*) Defendant emphasizes that Plaintiffs asserted "in support of its [sic] breach of contract action that Defendant was ***negligent*** in hiring a third party agent to spread the fertilizer." (ECF No. 25 at 3.) Defendant's arguments boil down to the contention that Plaintiff has improperly asserted both a breach of contract and negligence claim for the same set of alleged facts.

In opposition, Plaintiff argues that its "contract claim against Pinnacle . . . is completely independent of the negligence claim against Brooks . . . and the doctrine of *Green* does not apply." (ECF No. 20 at p. 2.) "Plaintiff maintains that Pinnacle breached the terms of the

---

[2] Defendant also cites *Thomas & Associates, Inc.*, No. M2001-00757-COA-R3-CV, 2003 WL 21302974 (Tenn. Ct. App. June 06, 2003) for the proposition that "a contract may [not] create a tortious duty of care." However, Defendant does not show how this case supports its Motion to Dismiss Plaintiff's breach of contract claim.

contract in that the fertilizer and seed was not spread uniformly" and "ultimately breached its contract with Plaintiff because Plaintiff did not get what it bargained for, properly spread fertilizer and seed." (*Id.*) Plaintiff further states that "except for the negligent act of hiring a third party agent (Brooks) to spread the fertilizer . . . the negligence was performed by Brooks, not Pinnacle." (*Id.* at p. 2-3.)

The Court reads the "gravamen of the action" analysis in *Green* to apply in cases where a court must determine the applicable statute of limitations.[3] *Green*, 2001 WL 1660828 at *3 (quoting *Alexander v. Third Nat'l Bank*, 915 S.W.2d 797, 798 (Tenn. 1996)). In fact, the sole issue decided by the Tennessee Court of Appeals in *Green* was "whether the trial court erred by failing to dismiss [the] entire complaint as barred by the [personal injury] statute of limitations" rather than allowing it to proceed under the longer breach of contract statute of limitations. *Id.* at *2. Consequently, *Green* has no bearing on the issue now before the Court, as the applicable statute of limitations is not at issue. Therefore, the Court finds that Defendant Pinnacle's argument is without merit and holds that Plaintiffs' breach of contract claim survives Defendant's Motion for Partial Dismissal.

## CONCLUSION

The Court finds that, at this stage, Plaintiffs supports its breach of contract claim against Pinnacle with sufficient facts. Defendant Pinnacle's Motion is **DENIED**. Plaintiff never asserted a breach of contract claim against Brooks and has concede its claims for gross negligence, punitive damages, and joint and several liability against Brooks. Accordingly, Defendant Brooks' Motion is **DENIED** as moot. The causes of action still pending before the

---

[3] Under these circumstances, the Court finds Plaintiff's argument that *Green* "only applies if the same party that contracted with Plaintiff (Pinnacle) also performed the negligent act" unpersuasive. (*Id.* at p. 2.)

6

Court are as follows: the breach of contract claim and a negligence claim against Defendant Pinnacle and a negligence claim against Defendant Brooks.

**IT IS SO ORDERED.**

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        CHIEF UNITED STATES DISTRICT JUDGE

                                        Date: September 25, 2019